## SHAILER v. TOURAINE CO.

(Court of Appeals of District of Columbia. Submitted November 20, 1922. Decided January 2, 1923.)

No. 1523.

1. Trade-marks and trade-names and unfair competition ⬠43—Mark "Liberty Belle" likely to be confused with mark "Old Liberty Bell."

The use of the mark "Liberty Belle" in the sale of candies would be likely to be confused with the mark "Old Liberty Bell," and the words "Old Liberty" and a picture of the Liberty Bell used as a trade-mark on similar goods.

2. Trade-marks and trade-names and unfair competition ⬠45½, New, vol. 7A Key-No. Series—Use of grade mark "Belle Package" held not to disentitle owner of trade-mark "Old Liberty Bell" to protection.

Although appellee, who used the trade-mark "Old Liberty Bell," also sold packages of candy marked "Belle Package," followed by its name, it was entitled to have applicant's mark, consisting of the words "Liberty Belle," canceled, as appellee's use of the words "Belle Package" was in the nature of a grade mark not conflicting with appellee's trade-mark.

Appeal from the Commissioner of Patents.

Petition by the Touraine Company for cancellation of a trademark, opposed by Paul R. Shailer. From a decision canceling registration, opposer appeals. Affirmed.

L. L. Morrill, of Washington, D. C., for appellant.

Charles R. Allen, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals canceling, upon petition of the appellee, the mark of appellant, consisting of the words "Liberty Belle," associated with a colonial scene and containing the words "Old-Fashioned Candies," in the sale of which the mark has been used since May of 1919.

[1] As early as 1907 appellee adopted the mark "Old Liberty Bell," which it since has extensively used on candies. Appellee also has used "Old Liberty" and a picture of the Liberty Bell. Obviously these two marks have the same signification. It goes without saying, as found by the Patent Office, that the concurrent use of appellant's mark upon the same class of goods would be likely to cause confusion in the mind of the public and deceive purchasers, within the meaning of the Trade-Mark Act (Comp. St. § 9485 et seq.).

[2] Appellant, however, contends that, because appellee's testimony shows that it sold packages of candy marked "Belle Package," appellee is not in a position to object to the registration by appellant of its mark, and cites Alaska Packers' Ass'n v. Admiralty Trading Co., 43 App. D. C. 198. There would be force in this contention, had appellee used the word "Belle" alone, but the evidence shows conclusively that this use always was in connection with the word "Tou-

⬠For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

raine," written in a distinctive manner and clearly indicating the origin of the goods. In other words, this use was in the nature of a grade mark, and did not, in our opinion, conflict with the use of the trade-mark "Old Liberty," or "Liberty Bell."

The decision is affirmed.

Affirmed.